# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Daniel D. Ingham
3105 Robinson Run Road
McDonald, PA 15057,

Plaintiff,

v.

The United States,

Defendant.

FILED FEB 2 2 2007

No. 07-124-C

## COMPLAINT

## JURISDICTION

1. This Court has jurisdiction under 28 U.S.C. § 1491 and the Military Pay Act, 37 U.S.C. § 204.

## PARTIES

2. Plaintiff is currently a lieutenant colonel in the United States Army Reserve.

3. Defendant is the United States.

4. Plaintiff was an active duty Army officer in the rank of first lieutenant in 1985.

5. On or about November 26, 1985, he was selected for promotion to captain by the Captain Competitive Category, Active Component (AC) Board. The

actual anticipated date of promotion to captain was unknown at the time of selection.

6. Plaintiff inquired of then Captain Martin J. Patterson, Adjutant General's Branch, as to whether his selection for promotion to captain would convey were Plaintiff to leave the active army and go into the reserves before his actual date of promotion.

7. Captain Patterson was an individual whose duty it was to be a subject matter expert in the matter inquired of by Plaintiff. Captain Patterson was in 1985 the Chief of Personnel Management and Chief of Personnel Actions in the Nelligen Comp Team, 198th Personnel Service Company, 38th Personnel and Administration Battalion, VII Corps, Nelligen, West Germany.

8. Plaintiff was justified in relying upon Captain Patterson's advice with respect to this esoteric personnel regulatory scheme.

9. Captain Patterson told Plaintiff that he could transfer into the reserves and that Plaintiff's selection for promotion to captain and date of rank associated therewith would be unchanged and would convey to the reserves.

10. This advice was wrong.

11. As a result of this advice Plaintiff separated from the active Army on April 21, 1986, and immediately entered the Army Reserve. This was prior to his actual promotion to captain and while still a first lieutenant. This was done

on the good faith assumption that his promotion to captain would occur in the reserves on the same date as it would have while on active duty.

12. After transferring to the reserves, Plaintiff was informed that his selection for promotion to captain was null and void and that he would have to wait for a reserve promotion board for promotion to captain. Plaintiff was informed that in order for his active duty promotion to captain to have occurred he would have had to stay on active duty until the actual date of his promotion. The actual date was based on his sequence number and was estimated at March 1, 1987.

13. While in the Army Reserve Plaintiff was promoted to captain on April 21, 1989; to major on April 20, 1996; and to lieutenant colonel on April 19, 2003.

14. On August 23, 2000, Plaintiff first sought relief from the Army Board for Correction of Military Records (ABCMR). Plaintiff's initial request was denied on April 25, 2001, as were three subsequent requests for reconsideration dated March 14, 2002; December 19, 2002; and April 24, 2003.

15. On October 10, 2005, Plaintiff submitted a request by counsel for reconsideration which averred that Plaintiff's separation from active duty was not "voluntary" due to the misinformation provided to Plaintiff. Plaintiff requested that his reserve date of rank to captain be changed to April 22,

1986, from April 21, 1989; his reserve date of rank to major be changed to April 27, 1993, from April 20, 1996; that he be considered for promotion to lieutenant colonel by a special selection board under 10 U.S.C. § 668; and that he receive back pay and allowances reflective of the adjusted dates.

16. The ABCMR rejected this request for reconsideration suggesting that Plaintiff should have independently ascertained the status of the regulatory scheme and concluding that the separation was voluntary.

CAUSE OF ACTION

17. The actions of Defendant and Defendant's agents in denying Plaintiff relief were arbitrary and capricious, an abuse of discretion, not based on substantial evidence and contrary to law.

PRAYER

18. WHEREFORE, Plaintiff respectfully requests that judgment be entered for him for:

(a) Back pay and allowances as a captain from April 22, 1986 to April 21, 1993.

(b) Back pay and allowances as a major from April 22, 1993 to April 18, 2003.

AND that in order to provide full relief to Plaintiff the following be ORDERED:

(c) The date of rank to captain in the Army Reserve be changed to April 22, 1986.

(d) The date of rank to major in the Army Reserve be changed to April 22, 1993.

(e) A special selection board be convened by the Army Reserve to determine Plaintiff's selection for promotion to lieutenant colonel for those years of eligibility had he been promoted to major on April 22, 1993.

(f) Grant such other relief as under the circumstances be just and proper.

Gary Myers
D.C. Bar Card 157115
Counsel for Plaintiff
78 Clark Mill Road
Weare, NH 03281
Tel: 800-355-1095
Fax: 603-529-3009
E-mail: grmyers44@aol.com

Dated: February 29, 2007