**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| Daniel D. Ingham, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-124C |
| | ) | (Judge Lynn J. Bush) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**
**FOR LACK OF SUBJECT MATTER JURISDICTION**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests this Court to dismiss the complaint in the above-captioned matter for lack of subject matter jurisdiction. As discussed in more detail below, plaintiff's complaint must be dismissed because it was filed beyond the applicable statute of limitations and is thus time-barred.

## I. FACTUAL BACKGROUND

Plaintiff Daniel D. Ingham, currently a lieutenant colonel in the United States Army Reserve, filed his complaint in this Court on February 22, 2007 seeking two retroactive promotions and a corresponding judgment for back pay and allowances. See Pl. Compl. at ¶ 18.

Lieutenant Colonel Ingham alleges that, on or about November 26, 1985 – while he was then on active duty as a first lieutenant – he was selected for promotion to captain. See Pl. Compl. at ¶¶ 4-5. At that time, however, the "actual anticipated date of promotion to captain was unknown." Id. at ¶ 5. Plaintiff, however, separated from active duty on April 21, 1986 and entered the Army Reserve, based on the advice of an officer in the Adjutant General's Branch that plaintiff's transfer to the reserves would not effect either his selection for promotion to captain or the associated date of rank change. Id. at ¶¶ 6-11.

After transferring to the reserves, plaintiff learned that his selection for promotion to captain was "null and void and that he would have to wait for a reserve promotion to captain." Id. at ¶ 12. While in the reserves, plaintiff ultimately was promoted to captain on April 21, 1989, to major on April 20, 1996, and to lieutenant colonel on April 19, 2003. Id. at ¶ 13.

Despite plaintiff having learned that he had received putatively bad advice in 1986 or 1987, see id. at 12, plaintiff waited approximately 13 years, until August 23, 2000, to seek relief from the Army Board for Correction of Military Records ("ABCMR"). Id. at ¶ 14. The ABCMR denied his request for relief on April 25, 2001, in addition to three subsequent pro se reconsideration requests, the last of which was on April 24, 2003. Id. at ¶ 14. Plaintiff, via counsel, submitted yet another reconsideration request to the ABCMR, almost two and a half years later, on October 10, 2005. Id. at ¶ 15.

Plaintiff initiated his suit in this Court on February 22, 2007, almost 16 months after his last ABCMR filing and approximately 20 years after he first learned that he would not receive a promotion to captain in the reserves based on the active duty schedule.

## II. ARGUMENT

Even construing all the facts in plaintiff's complaint in a light most favorable to him, plaintiff's cause of action is time-barred by the applicable statute of limitations and, accordingly, must be dismissed. MacLean v. United States, 67 Fed. Cl. 14, 17 (2005) ("In ruling on a motion to dismiss for lack of subject matter jurisdiction, the Court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff."), aff'd, 454 F.3d 1334 (Fed. Cir. 2006) (affirming lower court's dismissal, under RCFC 12(b)(1), of Military

Pay Act claim).

**A. The Statute of Limitations for Tucker Act Claims Is Six Years**

It is well-established that the United States Court of Federal Claims is a court of limited jurisdiction. Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd, 758 F.2d 665 (Fed. Cir. 1984). The Court of Federal Claims' jurisdiction to entertain a suit and to grant relief depends upon, and is circumscribed by, the extent to which the United States has waived its sovereign immunity. See, e.g., United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941).

The waiver of sovereign immunity, and hence the consent to be sued, must be expressed unequivocally and cannot be implied. Testan, 424 U.S. at 399; United States v. King, 395 U.S. 1, 4 (1969). Any grant of jurisdiction to this Court must be construed strictly before the Court may accept jurisdiction. United States v. Mitchell, 445 U.S. 535, 538 (1980); Cosmic Construction Co. v. United States, 697 F.2d 1389, 1390 (Fed. Cir. 1982). As the United States Court of Appeals for the Federal Circuit has stated, "[i]n construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented to by Congress." Fidelity Construction Co. v. United States, 700 F.2d 1379, 1387 (Fed. Cir. 1983).

In the United States Court of Federal Claims, consent to suit is based upon the Tucker Act, 28 U.S.C. § 1491. Testan, 424 U.S. at 397. Under this statute, an action may be maintained in the United States Court of Federal Claims only if it is "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not

sounding in tort." 28 U.S.C. § 1491(a)(1).

Lieutenant Colonel Ingham's claim under the Tucker Act and the Military Pay Act, 37 U.S.C. § 204, is subject to a six year statute of limitations. 28 U.S.C. § 2501 (discussed in Martinez v. United States, 333 F.3d 1295, 1302-04 (Fed. Cir. 2003)). This statute of limitations acts as an express limitation on the Court's Tucker Act jurisdiction. See Brown Park Estates-Fairfield Dev. Co. v. United States, 127 F.3d 1449, 1454 (Fed. Cir. 1997). The six year time bar on actions against the United States is "a jurisdictional requirement attached by Congress as a condition on the government's waiver of sovereign immunity." Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1576-77 (Fed. Cir. 1988). The statute of limitations affects the Court's jurisdiction; therefore, it must be strictly construed, and cannot be waived by the Court. See Alder Terrace Inc. v. United States, 161 F.3d 1372, 1376-77 (Fed. Cir. 1998).

**B. Lieutenant Colonel Ingham's Claim is Time-Barred**

In Martinez, the Federal Circuit held that "[a] cause of action cognizable in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, i.e., when 'all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money.'" 333 F.3d at 1303 (quoting Nager Elec. Co. v. United States, 368 F.2d 847, 851 (Ct. Cl. 1966)); see also Anaheim Gardens v. United States, 33 Fed. Cl. 773, 776 (1995); D'Andrea v. United States, 27 Fed. Cl. 612, 614 (1993). In military pay cases specifically, "'the date of [claim] accrual . . . is the date on which the service member was denied the pay to which he claims entitlement.'" Kosmo v. United States, 72 Fed. Cl. 46, 53 (2006) (quoting Martinez, 333 F.3d at 1313-14, and dismissing case for lack of subject-matter jurisdiction).

Moreover, the Federal Circuit "and the Court of Claims have frequently addressed and rejected the argument that [a] cause of action . . . does not accrue until the service member seeks relief from a correction board and the correction board enters a final decision denying relief." Martinez, 333 F.3d at 1304 (citing cases and explaining that the correction boards are "a permissive administrative remedy and that an application to a correction board is therefore not a mandatory prerequisite to filing a Tucker Act suit"). Thus, once a cause of action accrues, the statute of limitations will not be tolled if the plaintiff elects to pursue optional administrative remedies, such as appealing to a military records correction board. See id.; see also Colon v. United States, 35 Fed. Cl. 515, 518 (1996); Collins v. United States, 14 Cl. Ct. 746, 752, aff'd, 865 F.2d 269 (Fed. Cir. 1988) (table), cert. denied, 492 U.S. 909 (1989); Hurick v. Lehman, 782 F.2d 984, 987 (Fed. Cir. 1986).[1]

Lieutenant Colonel Ingham's complaint in this case itself demonstrates that he waited approximately 20 years before proceeding to this Court – and approximately 13 years before even seeking relief from the ABCMR – from the time that he first learned of the alleged bad advice and the Army's failure to adhere to the alleged active duty promotion schedule. Thus, sometime during 1986 or 1987, see Pl. Complaint at ¶¶ 11-12, Lieutenant Colonel Ingham was armed with all the facts necessary to file suit upon his now time-barred cause of action. Instead of coming directly to court in 1986 or 1987 when he transferred from active duty to the reserves – and learned that he would have to wait some time before receiving a promotion to captain –

[1] Although the statute of limitations can be tolled against the Government in certain extraordinary circumstances, or the accrual of a claim suspended, see Martinez, 333 F.3d at 1316-19, Lieutenant Colonel Ingham's complaint alleges no fact that would justify invoking either legal principle in this case.

Lieutenant Colonel Ingham waited approximately 13 years before first seeking relief from the ABCMR. Indeed, even if plaintiff had proceeded directly to this Court in August 2000, instead of filing at the ABCMR, his cause of action would have been time-barred..

Because Lieutenant Colonel Ingham's cause of action accrued more than six years before he filed his complaint on February 22, 2007, this Court must dismiss his suit pursuant to RCFC 12(b)(1). See, e.g., Kosmo v. United States, 72 Fed. Cl. 46 (2006); MacLean v. United States, 67 Fed. Cl. 14 (2005); Warren v. United States, 74 Fed. Cl. 723 (2006); Chaney v. United States, 75 Fed. Cl. 206 (2007).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Matthew H. Solomson
MATTHEW H. SOLOMSON
Trial Attorney, Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3274
Fax: (202) 514-8624

March 22, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that, on this 22nd day of March 2007, I caused to be placed in the United States mail (first-class, postage prepaid) the foregoing MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION addressed to the below-listed individuals. I also understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Mr. Gary Myers
78 Clark Mill Road
Weare, NH 03281

Mr. Daniel D. Ingham
3105 Robinson Run Rd.
McDonald, PA 15057

s/ Matthew H, Solomson
MATTHEW H. SOLOMSON