# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| Daniel D. Ingham, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-124C |
| | ) | (Judge Lynn J. Bush) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff respectfully requests this Court deny the defendant's motion to dismiss for lack of subject matter jurisdiction under Rule 12 (b) (1) of the Rules of the United States Court of Federal Claims in the above-captioned matter. As discussed below, the general rule is that a plaintiff's claim accrues on the date of actual discharge from service. Because plaintiff received an active duty retirement from the military on 1 February 2005, his complaint is not time-barred by the six-year statute of limitations.

### I. Factual Background

On 1 February 2005, Lieutenant Colonel (LTC) Ingham separated from the Army with an active duty retirement. See Enclosure 1 DD214. He had originally enlisted on active duty in the Army on 20 October 1982. See Enclosure 2 DD214. On 22 April 1983, LTC Ingham was commissioned as a first lieutenant. See Enclosure 3 DD214. At the time, LTC Ingham was serving in a field involving computer automation. See Enclosure 2 DD214.

On or about 26 November 1985, LTC Ingham was selected for promotion to captain by the Captain Competitive Category, Active Component Board. See Pl. Compl. ¶ 5. His anticipated date of promotion to captain was unknown at the time of his selection. Id. at¶ 5. In late 1985, LTC Ingham became interested in the single-track opportunities of the Active-Guard Reserve (AGR) program that would allow him to stay in the computer field and pursue an active duty career in the Army. LTC Ingham believed that he would stand the best chance of acceptance into the AGR program if he was in the Reserves.

LTC Ingham asked then Captain Martin J. Patterson, Adjutant General's Branch, as to whether his selection for promotion to captain would follow him into the reserves. See Pl. Compl. ¶ 6. Captain Patterson was the Chief of Personnel Management and Chief of Personnel Action and the subject-matter expert in LTC Ingham's command. Id. at ¶ 7. Captain Patterson told LTC Ingham that he could transfer into the reserves and his selection for promotion to captain and associated date of rank would be unchanged in the reserves. Id. at ¶ 9. The government concedes that this advice was wrong. See Defendant's Motion to Dismiss pg. 2.

Relying on this misinformation, LTC Ingham decided to pursue his single-track opportunities in the AGR program. On 21 April 1986, LTC Ingham transitioned to the Army Reserve – prior to his actual promotion to captain and while still a first lieutenant. See Pl. Compl. ¶ 11. After transferring to the reserve unit, he learned that his selection for promotion to captain was null and void and that he would have to wait for a reserve promotion board for promotion to captain. Id. at ¶ 12. Had LTC Ingham stayed on active duty, the actual date of his promotion would have been 1 March 1987. Id.

By June 1988, LTC Ingham had been accepted for the AGR program. While in the AGR program, LTC Ingham was promoted to captain on 21 April 1989, major on 20 April 1996, and lieutenant colonel on 19 April 2003. See Pl. Compl. ¶ 13.

On 23 August 2000, LTC Ingham sought relief from the Army Board for Correction of Military Records (ABCMR). His initial request was denied on 25 April 2001 – as were his three subsequent requests for reconsideration on 14 March 2002, 19 December 2002, and 24 April 2003. See Pl. Compl. ¶ 14. By 10 October 2005, LTC Ingham's attorney had filed a request of reconsideration arguing that his separation was involuntary because of the misinformation that he relied upon – the request was denied. See Pl. Compl. ¶ 15.

LTC Ingham retired from active duty on 1 February 2005. See Enclosure 1 DD214.

| | |
|---|---|
| 20 October 1982 | Plaintiff enlists in the Army. |
| 22 April 1983 | Plaintiff commissioned as an officer in the Army. |
| 26 November 1985 | Plaintiff is selected for captain on active duty. His actual promotion date would have been 1 March 1987. |
| 21 April 1986 | Plaintiff transitions to the Army Reserves for the purposes of entering the AGR program. |
| June 1988 | Plaintiff is accepted into the AGR program. |
| 21 April 1989 | Plaintiff is promoted to captain. |
| 23 August 2000 | Plaintiff sought relief from the ABCMR. His request is denied on 25 April 2001. |
| 1 February 2005 | Plaintiff receives an active duty retirement from the Army. |

## II. Argument

The jurisdiction of a federal court must be established as a threshold matter before the court may proceed to the merits of any action. Steel Co. v. Citizens for a Better Envt., 523 U.S. 83, 88-89 (1998). In ruling on a motion to dismiss for lack of subject-matter jurisdiction, the Court must construe the allegations of the complaint in the light most favorable to the plaintiff. Scheuery v. Rhodes, 416 U.S. 232, 236 (1974); Anderson v. United States, 59 Fed. Cl. 451(2004). When the underlying facts establishing jurisdiction are put into question, the Court may look at evidentiary materials beyond those facts included on the face of the pleadings. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936); Cedars-Sinai Med. Ctr. V. Watkins, 11 F.3d 1573, 1584 (Fed. Cir. 1993).

### A. The Statute of Limitations is Six Years

Plaintiff's complaint is based upon 28 U.S.C. § 1491 (hereafter Tucker Act) and 37 U.S.C. § 204 (hereafter Military Pay Act). See Pl. Compl. ¶ 1. The Tucker Act, of course, authorizes actions for monetary relief against the United States in the Court of Federal Claims. Martinez v. United States, 333 F.3d 1295, 1302 (Fed. Cir. 2003). Under the Tucker Act, an action may only be maintained in the United States Court of Federal claims if it is founded upon, among other things, "any act of Congress..." United States v. Testan, 424 U.S. 392, 398 (1976); Anderson, 59 Fed. Cl. at 451. This complaint is founded upon the Military Pay Act.

A six-year statute of limitations, codified at 28 U.S.C. § 2501, is applicable to Tucker Act suits and is jurisdictional in the United States Court of Federal Claims. Id., 59 Fed. Cl. 451 at n.10.

**B. The Statute of Limitations did not Begin to Accrue until 1 February 2005**

The general rule is that a plaintiff's claim accrues on the date of actual discharge from service. Martinez v. United States, 333 F.3d 1295, 1310 (Fed. Cir. 2003)(en banc). The defendant has cited Martinez for the proposition that a "cause of action cognizable in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit…" 333 F.3d at 1303. Further, the defendant has cited both Kosmo and Martinez for the notion that in military pay cases the date of accrual is the date on which the plaintiff was denied the pay to which he claims entitlement. Kosmo v. United States, 72 Fed. Cl. 46, 53 (2006)(quoting Martinez).

The above, however, is a misreading of Martinez, which also says that the Court of Appeals for the Federal Circuit has "long held" that the plaintiff's cause of action for back pay in a military discharge case accrues at the "time of the plaintiff's discharge." 333 F.3d at 1304. See also, Bowen v. United States, 292 F.3d 1383, 1386 (Fed. Cir. 2002); Real v. United States, 906 F.2d 1557, 1560 (Fed. Cir. 1990). In fact, the pertinent text of Martinez, without citations, reads as follows:

> A cause of action cognizable in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, i.e., when "all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money." In a military discharge case, this court and the Court of Claims have long held that the plaintiff's cause of action for back pay accrues at the time of the plaintiff's discharge. The service member therefore has the right to sue immediately upon discharge for the funds improperly being withheld.

An officer's right to pay under the Military Pay Act continues until the officer is "properly" separated from the service. Anderson v. United States, 59 Fed. Cl. 451. (quoting Tippett v. United States, 185 F.3d 1250, 1255 (Fed. Cir. 1999) (citing Sanders v. United States,

594 F.2d 804, 810 (Ct. Cl. 1979) (en banc)). Neither the Tucker Act nor the Military Pay Act distinguishes between a discharge from active duty and a discharge from the AGR. LTC Ingham was "properly separated from the service" when he received an active duty retirement from the military on 1 February 2005 – this is the date that the statute of limitations began to accrue.

The presumption that a retirement or resignation is voluntary is rebutted when a plaintiff detrimentally relies upon information that a government agency misrepresents. Kim v. United States, 47 Fed. Cl. 493, 501 (2000). On 21 April 1986, Plaintiff was involuntarily discharged from active-duty on the basis of a good faith reliance on the misinformation provided by Captain Patterson regarding the transference to the reserves of his active duty selection to captain.

The government's position is that the statute of limitations began accruing when the plaintiff began the transition from active duty to the AGR in 1986 on the basis of government misrepresented information. Alternatively, the government argues that the plaintiff was "armed with all the facts necessary to file suit" and the statute of limitations began accruing in 1986 or 1987 when the plaintiff, while in the reserves, learned that he received incorrect information from Captain Patterson.

The law as stated in Martinez and Tippett is clear that a cause of action for back pay in a military discharge case accrues at the time of the plaintiff's discharge and that an officer's right to pay under the Military Pay Act continues until he is properly separated from the service. Proper separation contemplates a complete separation of all military status. United States ex rel. Okerlund v. Laird, 473 F.2d 1286, 1288 (7th Cir. 1973).

LTC Ingham's transition from active duty to the reserves did not constitute a complete separation of all military status because it was initiated on the basis of government misinformation and for the purpose of joining the AGR program. Immediately upon LTC

Ingham's transition from active duty he joined a reserve unit to bolster his chances at acceptance into the AGR program. By 1988 he was successfully into the AGR program. Under the circumstances, plaintiff's separation was involuntary and he was not properly separated until his active duty retirement on 1 February 2005.

## III. Conclusion

Because the statute of limitations did not begin accruing until 1 February 2005 when LTC Ingham was properly separated from the service on the basis of his active duty retirement, this Court must deny the defendant's motion to dismiss this suit under RCFC 12 (b)(1).

Respectfully Submitted,

Gary Myers
Counsel for Plaintiff
78 Clark Mill Road
Weare, NH 03281
Tel: 800-355-1095
Fax: 603-529-3009
E-mail: myers@mclaw.us

Dated: April 21, 2007