# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| Daniel D. Ingham,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 07-124C<br>(Judge Lynn J. Bush) |

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

Plaintiff respectfully requests that this Court grant Plaintiff's Motion to supplement the administrative record by including the three noted and attached DD 214 discharge certificates which contain information critical to establishing this Court's jurisdiction.

In establishing predicate jurisdictional facts, a court is not restricted to the face of the pleadings, but may review extrinsic evidence, including affidavits and deposition testimony. Land v. Dollar, 330 U.S. 731, 735 n.4 (1947); Indium Corp. of Am. v. Semi-Alloys, Inc., 781 F.2d 879, 883-84 (Fed. Cir. 1985)(cert denied, 479 U.S. 820 (1986). When a 12 (b)(1) motion denies or controverts the pleader's allegations of jurisdiction, the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction and the allegations in the complaint are not controlling. Trentacosta v. Frontier Pac. Aircraft Inuds., Inc., 813 F.2d 1553, 1558-59 (9th Cir. 1987).

The defendant has alleged in its motion to dismiss for lack of subject matter jurisdiction that the plaintiff was armed with the facts necessary to bring suit in 1986 or 1987. See Def. Mot.

to Dismiss. pg. 6. As stated in plaintiff's response to the motion to dismiss, the law is that the statute begins accruing at the time of the plaintiff's discharge when he is properly separated from the service. See Pl. Answer to Mot. to Dismiss pg. 5. As evidenced by the three DD 214s, the plaintiff was properly discharged from the service when he received an active duty retirement on 1 February 2005.

We ask that this Court grant the motion to supplement the administrative record to by including the plaintiff's three DD 214s.

A proposed order is included with this filing.

Respectfully Submitted,

Gary R. Myers
Counsel for Plaintiff
78 Clark Mill Road
Weare, NH 03281
Tel: 800-355-1095
Fax: 603-529-3009
E-mail: myers@mclaw.us

April 21, 2007