**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| Daniel D. Ingham, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-124C |
| | ) | (Judge Lynn J. Bush) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff posits that his claim in this case accrued on February 1, 2005, the date "LTC Ingham was 'properly separated from the service' when he received an active duty retirement from the military." Pl. Opp. at 6. Plaintiff's lone argument, however, is based on a misreading of Martinez v. United States, 333 F.3d 1295 (Fed. Cir. 1983) (en banc). Indeed, because plaintiff does not deny that he was armed with all the facts necessary to file suit in 1986 or, at the latest, in 1987,[1] the Federal Circuit's decision in Martinez requires that plaintiff's complaint be dismissed due to the statute of limitations.[2]

**I. Federal Circuit Precedent Compels the Dismissal of Plaintiff's Complaint**

Although plaintiff relies on the Federal Circuit's decision in Martinez, that case holds that the statute of limitations clock begins to tick on the date a claim accrues. In this case,

---

[1] See Pl. Opp. at 6 ("On 21 April 1986, Plaintiff was involuntarily discharged from active-duty on the basis of a good faith reliance on the misinformation . . . regarding the transference to the reserves of his active duty selection to captain." ).

[2] Plaintiff's Motion to Supplement the Administrative Record – filed the same day as his opposition to defendant's motion to dismiss – is either premature or moot. First, we note that defendant has not yet filed the administrate record in this case. Moreover, if defendant's motion to dismiss is granted, plaintiff's motion to supplement will be moot. In any event, defendant will agree to include in the record the documents attached to plaintiff's motion should defendant be required to file the record.

plaintiff alleges that he was injured when his promotion to captain was unduly delayed – from March 1, 1987 until April 21, 1989 – when he transferred from active duty to the Reserves based on the Army's allegedly wrongful representation that his promotion date would not change. Pl. Opp. at 2-3. Thus, plaintiff's claim accrued sometime between April 21, 1986 – when he was discharged from active duty – and March 1, 1987, the date upon which he originally was scheduled to be promoted, but was not. Plaintiff, however, did not file suit in this court until February 22, 2007, approximately 20 years after he first learned that he would not receive a promotion to captain in the reserves as scheduled during active duty. Accordingly, plaintiff's claim is time-barred and should be dismissed.

### A. Plaintiff's claim accrued on his alleged date of injury and is thus time-barred under the statute of limitations

Plaintiff's reliance on Martinez is misplaced because that case's holding – as opposed to a few isolated snippets plaintiff quotes from the case – squarely supports the government's motion to dismiss. In Martinez, the plaintiff filed suit in the Court of Federal Claims on August 17, 1998, seeking, amongst other relief: (1) reinstatement to active duty in the United States Army Reserve; (2) an award of "back pay from the date of his separation from active duty in February 1992"; and (3) the return of two months' pay forfeited in an Article 15 proceeding. Martinez v. United States, 333 F.3d 1295, 1300 (Fed. Cir. 2003).

The Court of Federal Claims dismissed Martinez's complaint as time-barred, explaining that a "'claim based on an unlawful discharge or release from military service accrues on the date of discharge or release because that is the date the injury – i.e., the loss of pay – is incurred.'" Id. (emphasis added) (quoting Martinez v. United States, No. 98-662C, slip op. at 8

(Fed. Cl. Aug. 9, 1999)). While the Court of Federal Claims concluded "that Mr. Martinez's claim for reinstatement to active duty, back pay, and other ancillary relief accrued on February 25, 1992[,]" this Court also held that his "claim for forfeited pay accrued on August 9, 1991 . . ., because that was the date on which the pay was forfeited as a result of the Article 15 proceeding, and thus was the date on which the injury [was] incurred." 333 F.3d at 1300-01 (emphasis added). The Federal Circuit affirmed this Court's decision in both respects. See id. at 1310.

Thus, the Court of Federal Claims in Martinez correctly focused on "the date the injury . . . [was] incurred" when calculating the date upon which a cause of action accrued to the plaintiff, irrespective of the precise nature of the claim. Id. at 1300. Following that rationale, Mr. Ingham's claim in this case must be dismissed because he does not dispute that his alleged injury was incurred sometime in either 1986 or, at the latest, in 1987.

Plaintiff, however, views Martinez as creating a per se rule that a "cause of action for back pay in a military discharge case accrues" at the time of final discharge or separation from the armed forces (e.g., February 1, 2005, in the instant case). Pl. Opp. at 5. While plaintiff quotes Martinez at length, plaintiff misses the point that the date of injury in Martinez – i.e., the date of monetary loss – coincided with the date of discharge that Martinez challenged as improper. See 333 F.3d at 1310 (noting that Martinez sought recovery for "monetary losses he suffered as a result of his discharge from active duty" in 1992, as opposed to his separation from the Reserves in March 1997).

Accordingly, the Federal Circuit agreed with the Court of Federal Claims that: (1) in assessing Martinez's compliance with the statute of limitations, the correct focus was on the date of injury; and (2) that Martinez's claim was time-barred. Similarly, in this case, Mr. Ingham

seeks compensation for an injury that occurred either in 1986 (discharge) or in 1987 (when a promotion allegedly should have occurred). In either event – i.e., whether Mr. Ingham was injured in 1986 or 1987 – his cause of action in this case is time-barred for the same reason Martinez's claim was rejected by both this Court and the Federal Circuit.

**B. Plaintiff's February 1, 2005 active duty retirement is irrelevant**

Plaintiff also argues that "the statue of limitations did not begin [to run] until 1 February 2005 when LTC Ingham was properly separated from the service." Pl. Opp. at 7 (emphasis added). The Federal Circuit in Martinez rejected that very argument. As explained above, the fact that plaintiff ultimately received an active duty retirement on February 1, 2005 does not save Mr. Ingham's complaint because he does not seek any relief related to that retirement.

Similar to Mr. Ingham in the instant case, Martinez argued that his cause of action was timely based on his date of separation from the Reserves, which was later than his challenged discharge from active duty. The Federal Circuit disagreed and held that because Martinez "requested reinstatement to active duty in the Reserves, not merely reinstatement in the Reserves[,]" his claim accrued in 1992 (when he was separated from active duty), and not later in March 1997 (when he separated from the Reserves generally). 333 F.3d at 1310 n.3 ("Because Mr. Martinez was separated from active duty in 1992, his monetary and incidental equitable claims with respect to his active duty status accrued at that time, not in 1997."). Following that logic, the relevant date in this case either was in 1986 – the date of the allegedly problematic discharge or separation – or in 1997, when Mr. Ingham did not receive the scheduled promotion to which he putatively would have been entitled but for the earlier discharge.

Moreover, we note that the Federal Circuit affirmed this Court's decision that Martinez's forfeiture of pay claim accrued on a date different than that of his discharge date, demonstrating that the latter is not dispositive per se. Id. at 1311. Thus, this Court has recognized that, "[i]n Martinez, the [Federal Circuit] held that the date Plaintiff forfeited two months pay as a result of a guilty verdict entered against him in an Article 15 proceeding was the date on which his claim for such forfeited pay accrued, not some six months later when he was discharged." Kosmo v. United States, 72 Fed. Cl. 46, 54 (2006) (emphasis added). Again, the key date for analyzing a statute of limitations question is the date of injury, and not a mechanical counting from the last discharge date.

In sum, the Federal Circuit's holding and rationale in Martinez are controlling here and the statute of limitations begins to run when a cause of action accrues: i.e., when a plaintiff allegedly is "deprived of the money that is the subject of the action." 333 F.3d at 1311. In Martinez, that date was when the plaintiff was separated from active duty; in this case, Mr. Ingham's claim accrued, at the latest, in 1987 – when he did not receive an allegedly scheduled promotion – and is thus time-barred now.

## II. Even Assuming That Plaintiff's 1986 Active Duty Separation Was Involuntary, Plaintiff's Claim Is Time-Barred

In arguing that the statute of limitations did not begin to run in this case until February 1, 2005, Plaintiff also relies on Tippett v. United States, in which the Federal Circuit explained that "[a]n officer's right to pay under section 204 continues until the officer is properly separated from the service." 185 F.3d 1250, 1255 (Fed. Cir. 1999) (emphasis added), abrogation on other grounds recognized by, Metz v. United States, 466 F.3d 991 (Fed. Cir. 2006). But, with that

language, the Federal Circuit merely pointed out that a plaintiff has a "statutory right to pay" extending past separation where a discharge is "involuntary and improper." 185 F.3d at 1255 (explaining that where a plaintiff's "discharge was voluntary," a plaintiff "retain[s] no statutory entitlement to compensation").

Plaintiff's argument is a red-herring. The circumstances surrounding Mr. Ingham's transfer to the Army Reserves in April 1986 – i.e., whether or not it was voluntary – are irrelevant to defendant's instant motion to dismiss.[3] That is, even if plaintiff's separation from active duty was improper and involuntary in April 1986, plaintiff's cause of action nevertheless is now time-barred for the reasons discussed above. Indeed, "'the date of [claim] accrual . . . is the date on which the service member was denied the pay to which he claims entitlement.'" Kosmo v. United States, 72 Fed. Cl. 46, 53 (2006) (quoting Martinez, 333 F.3d at 1313-14, and dismissing case for lack of subject-matter jurisdiction).[4]

Because Lieutenant Colonel Ingham's cause of action accrued more than six years before he filed his complaint on February 22, 2007, this Court must dismiss his suit pursuant to RCFC 12(b)(1). Id. at 54 (quoting Martinez, 33 F.3d at 1303, for the proposition that a "'claim for back pay is not a 'continuing claim' that accrues each time a payment would be due throughout the period that the service member would have remained on active duty'").

---

[3] Plaintiff argues that "[t]he government concedes that [the] advice [plaintiff relied on] was wrong." Pl. Opp. at 2. The government concedes no such fact, but rather assumes that the facts pled in plaintiff's complaint are true for the purposes of defendant's motion to dismiss. In that regard, the question of voluntariness is one of fact which cannot be resolved at this stage of this case.

[4] See 72 Fed. Cl. at 55 (holding "cause of action here accrued when [plaintiff] was first deprived of the ability to earn the pay and points that are the subject of the action").

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Matthew H. Solomson
MATTHEW H. SOLOMSON
Trial Attorney, Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3274
Fax: (202) 514-8624

April 26, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that, on this 26th day of April 2007, I caused to be placed in the United States mail (first-class, postage prepaid) the foregoing DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION addressed to the below-listed individuals. I also understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Mr. Gary Myers
78 Clark Mill Road
Weare, NH 03281

Mr. Daniel D. Ingham
3105 Robinson Run Rd.
McDonald, PA 15057

s/ Matthew H, Solomson
MATTHEW H. SOLOMSON