IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DANIEL D. INGHAM, Plaintiff | ) | No. 07-124C |
| v. | ) | (Judge Lynn J. Bush) |
| THE UNITED STATES, Defendant. | ) | |

**DEFENDANT'S STATEMENT OF FACTS**

Pursuant to RCFC 52.1, Defendant files the following statement of facts based upon the Administrative Record ("AR"):

1. Plaintiff Daniel D. Ingham is currently a lieutenant colonel ("LTC") in the United States Army Reserve ("USAR"), in the Retired Reserve, (AR 104). Plaintiff enlisted in the USAR on September 10, 1982. AR 209. He was commissioned as a second lieutenant in the active Army on April 22, 1983. AR 255.

2. LTC Ingham completed the Adjutant General ("AG") Officer Basic Course[1] on July 29, 1983. He was initially assigned as an assistant adjutant in Ludwigsburg, Germany. AR 106. He was transferred to Nellingen, Germany, and assigned as a systems analyst. Id.

3. On October 21, 1984, plaintiff was ordered to be promoted to first lieutenant ("1LT"), effective 22 October, 1984. AR 243.

4. On December 4, 1985, then 1LT Ingham's request for withdrawal of his application for extended active duty was approved. AR 241. Accordingly, his term of obligated

---

[1] An AG officer is responsible for personnel and administrative functions, such as promotions and separation from the Army. The responsibilities and training requirements for an AG officer are outlined on the Army's Reserve Officer Training Corps website, found at http://www.goarmy.com/RotcViewJob.do?id=304.

service on active duty was reestablished to April 21, 1986. Id.

5. Between December 3, 1985 and December 16, 1985, the Army Competitive Category, Captain promotion board convened to determine which 1LTs would be selected for promotion to CPT. AR 25-27. Then 1LT Ingham was selected for promotion by that board. AR 27. The results of the board were not published until February 21, 1986. AR 21-23.

6. On January 23, 1986, then 1LT Ingham was issued orders releasing him from active duty, effective April 21, 1986. AR 238-39. The orders were signed by "Martin J. Patterson, 1LT, AG, Assistant Personnel Officer." AR 239.

7. On December 15, 1986, then 1LT Ingham was reassigned in the USAR to Grenier Air Force Base, in Manchester, New Hampshire. AR 193.

8. On May 3, 1988, then 1LT Ingham was voluntarily ordered to active duty in Active Guard/Reserve ("AGR")[2] status. AR 180.

9. On April 21, 1989, then 1LT Ingham was promoted to captain (CPT) as a Reserve Commissioned Officer in Active Guard/Reserve status. AR 114.

10. On April 17, 1996, then CPT Ingham was promoted to major (MAJ) as a Reserve Commissioned Officer in Active Guard/Reserve status. AR 113.

11. On February 4, 2003, then MAJ Ingham was promoted to LTC as a Reserve Commissioned Officer in Active Guard/Reserve status. AR 110.

12. On September 20, 2004, LTC Ingham was released from active service and placed

[2] An officer in AGR status is a reservist who is serving on active duty. See generally, Houseman v. Baratz, 916 F. Supp. 23, 25 (D.D.C. 1996) (describing the AGR program).

on the retired list with a retirement rank of MAJ.[3] AR 104.

13. Plaintiff submitted his initial request for adjustment of his date of rank to the Army Board for Correction of Military Records ("ABCMR") on August 23, 2000. AR 90-102. This application was forwarded by the ABCMR staff to the U.S. Total Army Personnel Command, Promotions Branch, for a staff advisory opinion. AR 88-89. LTC Ingham submitted a response to the advisory opinion on March 14, 2001. The ABCMR denied plaintiff's request for relief on April 25, 2001. AR 81-86.

14. On March 14, 2002, plaintiff requested reconsideration of the ABCMR's initial decision. AR 66-80. This reconsideration request included a letter from former 1LT Martin J. Patterson, the officer who allegedly provide the incorrect advice to LTC Ingham and who signed LTC Ingham's separation orders. AR 67. Mr. Patterson indicated that due to the passage of time, he was not sure what advice he provided, nor which regulations he referenced to provide the advice. Id. On September 10, 2002, the staff of the ABCMR determined that, while a new statement was submitted from Mr. Patterson, the reconsideration request did not cite any applicable provision of law that provided for the transfer of an active duty promotion to the USAR. AR 64-65. Accordingly, the Director of the ABCMR denied plaintiff's reconsideration request. Id.

15. LTC Ingham, through an Army Legal Assistance attorney, submitted an additional reconsideration request on April 24, 2003. AR 61-62. This reconsideration request stated "[t]here is little argument that, technically, he was promoted according to applicable

---

[3] A servicemember in the rank of major or above retires in the rank at which they served not less than the last three years of service. 10 U.S.C. § 1370 (2005). Because LTC Ingham had not served in the rank of LTC for three years prior to retirement, his retirement rank was major.

regulations and procedures in place at the time of the promotion. The issue that should have been presented and considered by the [ABCMR] is not one of actual error, but one of injustice." AR 61. In once again addressing plaintiff's request for relief, the Director of the ABCMR noted that LTC Ingham's argument had been previously considered and denied. AR 59-60.

16. On March 25, 2005, the Director of the ABCMR responded to a letter from LTC Ingham to Senator Bob Graham and once again outlined the basis for the original denial of LTC Ingham's request. AR 49-51.

17. On December 19, 2005, LTC Ingham, through his current counsel, submitted a "new filing" to the ABCMR, arguing LTC Ingham was involuntarily separated based upon misrepresentation of information by Mr. Patterson. AR 9-48. On July 24, 2006, the ABCMR informed LTC Ingham that his latest filing had been considered and denied. AR 1-8. The latest ABCMR determination considered the evidence provided by LTC Ingham. AR 2-4. The ABCMR did not contest LTC Ingham's claim that he received incorrect information. AR 6. The ABCMR determined that LTC Ingham had already decided to separate from active duty prior to receiving any misinformation, because he had submitted his withdrawal of Conditional Voluntary Indefinite status prior to the announcement of his promotion board results. AR 6.

18. The ABCMR also concluded that even if LTC Ingham had sough advice after learning of his selection for promotion to captain, he must have known that he would not have been promoted prior to his release from active duty on April 21, 1986. Finally, the ABCMR determined that because LTC Ingham was an officer in the Adjutant General's Branch, which is responsible for processing promotions and separations, he knew or should have known how to research the issue of whether or not a promotion selection would seamlessly transfer from active

duty to the USAR, and that he should not have relied solely on the counsel of a fellow company-grade officer.[4] AR 7.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner by s/ B. Snee
DONALD E. KINNER
Assistant Director

s/ Matthew H. Solomson
MATTHEW H. SOLOMSON
Trial Attorney, Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3274
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

MAJOR JERRETT DUNLAP
United States Army Litigation Division
Military Personnel Branch
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837
Tel: (703) 696-1628
Fax: (703) 696-8126

July 6, 2007

[4] A company-grade officer is an officer in the rank of second lieutenant, first lieutenant, or captain.

CERTIFICATE OF FILING

I hereby certify that, on this 6th day of July 2007, I caused to be sent, via Federal Express, the foregoing DEFENDANT'S STATEMENT OF FACTS addressed to the below-listed counsel. I also understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Mr. Gary Myers
78 Clark Mill Road
Weare, NH 03281

s/ Matthew H. Solomson
MATTHEW H. SOLOMSON