# ADMINISTRATIVE RECORD INDEX

## INGHAM, Daniel C. v. The United States


| | | |
|---|---|---|
| Tab 1 | (ABCMR) Decision Memoranda and Record of Proceedings, dated July 24, 2006 | Pages 000001 - 000008 |
| Tab 2 | Plaintiff's Fourth request for reconsideration with attachments, dated December 19, 2005 | Pages 000009 - 000048 |
| Tab 3 | (ABCMR) response to Congressional Inquiry From the Honorable Bob Graham, United States Senator, dated March 25, 2005 | Pages 000049 - 000052 |
| Tab 4 | Plaintiff's Letter to Honorable Bob Graham, Requesting assistance with his application to the ABCMR on or about 17 June 2004 | Pages 000053 - 000058 |
| Tab 5 | ABCMR Memorandum to Plaintiff, dated November 18, 2003 denying his application dated November 18, 2003 | Pages 000059 - 000060 |
| Tab 6 | Letter from 1LT Timothy E. Bellow, Legal Assistance Attorney to ABCMR on behalf of the Plaintiff requesting reconsideration dated April 24, 2003 | Pages 000061 - 000062 |
| Tab 7 | ABCMR Memorandum to Plaintiff, denying his request for Reconsideration dated September 10, 2002 | Pages 000063 – 000065 |
| Tab 8 | Plaintiff's Request to ABCMR for Reconsideration dated March 14, 2002 | Pages 000066 - 000080 |
| Tab 9 | ABCMR Memorandum of Consideration, dated April 25, 2001 | Pages 000081 - 000086 |
| Tab 10 | Letter from Plaintiff to ARBA reference promotion eligibility date to captain, dated March 14, 2001 | Pages 000087 – 000087 |
| Tab 11 | Army Review Board Agency (ARBA) Memorandum to Plaintiff reference Staff Advisory Opinion, dated February 26, 2001 | Pages 000088 – 000089 |
| Tab 12 | Plaintiff's Application for Correction of Military Record under the Provisions of Title 10, U.S. Code, Section 1552, August 23, 2000 | Pages 000090 - 000102 |
| Tab 13 | Official Military Personnel, OMPF | Pages 000103 - 000255 |

1

DEPARTMENT OF THE ARMY
BOARD FOR CORRECTION OF MILITARY RECORDS
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA 22202-4508

SFMR-RBR

July 24, 2006

MEMORANDUM FOR US ARMY REVIEW BOARDS AGENCY SUPPORT DIVISION, ST. LOUIS (SFMR-RBR-SL), 9700 PAGE AVENUE, ST. LOUIS, MO 63132-5200

SUBJECT: Army Board for Correction of Military Records Record of Proceedings for INGHAM, DANIEL C., SSN [redacted], AR20060000127

The application submitted by the individual concerned has been denied by the Army Board for Correction of Military Records.

Encl

Carl W. S. Chun
Director, Army Board for Correction
of Military Records

CF:
(1)OMPF
(1)APPLICANT

Printed on Recycled Paper

DEPARTMENT OF THE ARMY
BOARD FOR CORRECTION OF MILITARY RECORDS
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA 22202-4508

July 24, 2006

AR20060000127, INGHAM, DANIEL C.

Mr. Daniel C. Ingham
[redacted]

Dear Mr. Ingham:

I regret to inform you that the Army Board for Correction of Military Records denied your application.

The Board considered your application under procedures established by the Secretary of the Army. I enclose a copy of the Board's Record of Proceedings. This decision explains the Board's reasons for denying your application.

This decision in your case is final. You may request reconsideration of this decision within one year only if you can present new evidence or argument that was not considered by the Board when it denied your original application.

Sincerely,

Carl W. S. Chun
Director, Army Board for Correction
of Military Records

Enclosure

Printed on Recycled Paper

**DEPARTMENT OF THE ARMY**
BOARD FOR CORRECTION OF MILITARY RECORDS
1901 SOUTH BELL STREET, 2ND FLOOR
ARLINGTON, VA 22202-4508

RECORD OF PROCEEDINGS

IN THE CASE OF: INGHAM, DANIEL C.

BOARD DATE: 18 JULY 2006
DOCKET NUMBER: AR20060000127

I certify that hereinafter is recorded the true and complete record of the proceedings of the Army Board for Correction of Military Records in the case of the above-named individual.

| | |
|---|---|
| Mr. Carl W. S. Chun | Director |
| Mr. Andrew C. Jacobs | Analyst |

The following members, a quorum, were present:

| | |
|---|---|
| Mr. Lester Echols | Chairperson |
| Mr. Patrick McGann | Member |
| Ms. Ernistine Fields | Member |

The Board considered the following evidence:

Exhibit A - Application for correction of military records.

Exhibit B - Military Personnel Records (including advisory opinion, if any).

THE APPLICANT'S REQUEST, STATEMENT, AND EVIDENCE:

1. The applicant requests, in effect, adjustment of his date of rank (DOR) to captain (CPT) to 22 April 1986; adjustment of his DOR to major (MAJ) to 22 April 1993; and entitlement to all back pay and allowances as a result of these adjustments in DOR. He also requests promotion consideration to lieutenant colonel (LTC) by a special selection board (SSB) under the 1999 criteria.

2. The applicant essentially states that he left active duty on 21 April 1986 prior to his promotion to CPT due to faulty advice provided to him by an agent of the United States Army, who essentially told him that selection for promotion to CPT and his date of rank would transfer to the United States Army Reserve (USAR). He also states, in effect, that had he not received this misinformation, he would have remained on active duty in order to receive his promotion to CPT with his active duty peers.

3. The applicant provides two letters from an attorney, dated 10 October 2005 and 19 December 2005; a self-authored memorandum, dated 14 March 2002; and a statement, dated 5 March 2002, from a retired adjutant general's (AG) corps captain in support of this application.

CONSIDERATION OF EVIDENCE:

1. The applicant is effectively requesting reconsideration of a previous Army Board for Correction of Military Records (ABCMR) Docket Number AR2000046700, which was considered by the ABCMR on 10 April 2001. Although the applicant's request for correction of his military records as noted above has already been reconsidered and denied on three occasions, it was determined that one final request for reconsideration would be conducted, as this request for reconsideration consists of a different approach to the applicant's case that wasn't previously considered.

2. The applicant's records show that he was appointed a second lieutenant (2LT) in the United States Army on 22 April 1983, and was assigned to the AG Branch. He also entered active duty on this date for an active duty service commitment of 3 years.

3. The applicant was promoted to 1LT on 22 October 1984. The applicant subsequently applied for extended active duty in a Conditional Voluntary Indefinite (CVI) status, which was approved.

4. In a letter, dated 4 December 1985, a CPT from the Personnel Actions Branch, Combat Service Support Division, United States Army Military Personnel Center informed the applicant that his request for withdrawal of his CVI status was approved. As a result, the expiration date of his term of obligated service was reestablished as 21 April 1986 – the ending date of his original 3-year active duty service commitment.

5. On 21 February 1986, the United States Army Military Personnel Center announced that the CPT, Army Competitive Category promotion selection board convened in accordance with governing regulations, and considered officers for promotion to the rank of CPT. It also stated that this board did not adjourn until 16 December 1985. The applicant was selected for promotion to CPT by this board, and he was issued a promotion sequence number of 1705, with a promotion eligibility date to captain of 1 March 1987.

6. Prior to his promotion to CPT on the active duty list (ADL), and as a result of his withdrawal of his CVI status, the applicant was relieved from active duty on 21 April 1986, which was also the end of his original 3-year active duty service commitment. After his separation from active duty, the applicant entered the USAR.

7. On 21 April 1989, the applicant was promoted to CPT from the Reserve Active Status List (RASL) under the provisions of Title 10, United States Code, Section 3380. He continued to serve in the USAR, and attained the rank of LTC prior to his retirement on 21 April 2004.

8. In a letter sent to the applicant, dated 5 March 2002, a retired AG captain essentially apologized for any harm that he might have done to the applicant's career by giving him what appeared to be incorrect information while serving as the Chief of Personnel Management and Chief of Personnel Actions for the 198th Personnel Service Company. He also essentially stated that he thought he correctly interpreted the Army Regulations when he informed the applicant that his selection for promotion and dates of rank would transfer to the Army National Guard (ARNG) or USAR. He further stated, in effect, that if he had realized that his information was in error, he would have recommended that the applicant stay on active duty through promotion and the mandatory service immediately following promotion, prior to transferring to the ARNG or USAR.

9. In a letter, dated 10 October 2005, a private attorney-at-law representing the applicant submitted a letter to the Director of the ABCMR. It essentially stated, in pertinent part, that the Courts had identified multiple circumstances which could serve to rebut the presumption that a separation was voluntary. Specifically, this

letter stated that government misrepresentation of information relied upon by the applicant to the applicant's detriment was one of those circumstances, and that it applies in this case. The attorney also cited a court decision which essentially stated that, "if an employee materially relies on the misinformation from an agency to his detriment, his (separation) is considered involuntary."

10. The attorney concluded by stating, in effect, that the case law cited above dictated that relief should be granted.

11. Army Regulation 624-100 (Promotion of Officers on Active Duty) prescribes the policies and procedures for the promotion of commissioned officers in the United States Army on the ADL. It does not contain any provision for transferring a pending promotion from the ADL to the RASL.

12. Army Regulation 135-155 (Promotion of Commissioned Officers and Warrant Officer Other Than General Officers) prescribes the policies and procedures used in the selection and promotion of commissioned officers of the United States Army Reserve on the RASL. It also does not contain any provision for transferring a pending promotion from the ADL to the RASL.

<u>DISCUSSION AND CONCLUSIONS</u>:

1. The applicant contends that his DOR to CPT should be adjusted to 22 April 1986; that his DOR to MAJ should be adjusted to 22 April 1993; and that he should entitled to all back pay and allowances. He also contends that he should receive promotion consideration to LTC by an SSB under the 1999 criteria.

2. The applicant's contention that he received incorrect information from the retired AG captain is not disputed. However, the retired AG captain essentially stated that he incorrectly interpreted the Army Regulations when he essentially informed the applicant that the applicant's selection for promotion and date of rank to CPT on the ADL would automatically transfer to the RASL, and that he would have recommended that the applicant remain on active duty if he was incorrect. This statement is the crux of why the applicant's request should be denied.

3. The applicant's request for withdrawal of his CVI status was approved on 4 December 1985; well before he could have been officially notified of his selection for promotion to CPT on the ADL. Therefore, the applicant made the decision to separate well before knowing whether or not he was selected for promotion to CPT on the ADL. As a result, the question of whether or not he received misinformation about transferring a promotion, of which he had no

knowledge of at the time he made the decision to withdraw his CVI status, from the ADL to the RASL, is moot.

4. There is no possibility that the applicant made the decision to withdraw his CVI status after learning that he was selected for promotion to CPT on the ADL. Therefore, the decision that he was going to be voluntarily relieved from active duty, by virtue of his voluntary request to withdraw his CVI status, took place well before any knowledge of a pending promotion to CPT on the ADL.

5. It was also determined that even if the applicant sought advice from the retired AG captain after learning of his selection for promotion to CPT on the ADL, he must have known that he would never have been promoted prior to his relief from active duty on 21 April 1986, which was at his own request, prior to his promotion sequence number being activated, as it was not activated for nearly 11 months after he separated from active duty. Also, under no circumstances would the applicant have been promoted to CPT on 22 April 1986, which he contends should be his DOR to CPT.

6. The fact that the applicant was an AG officer was also taken into consideration. It was determined that the applicant, as an AG officer, knew or should have known how to research the issue of whether or not a promotion selection would seamlessly transfer from the ADL to the RASL himself, and that he shouldn't have relied solely on the counsel of a fellow company-grade AG officer.

7. In view of the foregoing, there is no basis for granting relief to the applicant's request for reconsideration.

BOARD VOTE:

________ ________ ________ GRANT FULL RELIEF

________ ________ ________ GRANT PARTIAL RELIEF

________ ________ ________ GRANT FORMAL HEARING

________ ________ K.F. DENY APPLICATION

BOARD DETERMINATION/RECOMMENDATION:

1. The evidence presented does not demonstrate the existence of a probable error or injustice. Therefore, the Board determined that the overall merits of this case are insufficient as a basis for correction of the records of the individual concerned.

2. As this comprises the fourth reconsideration of the applicant's request, the ABCMR will not consider any future requests for reconsideration of this matter. However, the applicant has the option to seek relief in a court of appropriate jurisdiction.

CHAIRPERSON

Reply to:
78 Clark Mill Road
Weare, NH 03281
800-355-1095
603-529-3455
fax 529-3009

Gary Myers & Associates
Attorneys-at-Law

Washington, D.C.
202-857-8465
800-355-1095
email: grmyers44@aol.com

Gary R. Myers
Admitted in the
District of Columbia

19 Dec 05

BY PRIORITY MAIL

MEMORANDUM FOR: Mr. Carl W.S. Chun
Director, ABCMR
1901 South Bell St., 2nd Floor
Arlington, VA 22202-4508

SUBJECT: Your Memorandum of
1 Dec 05 ICO
Daniel D. Ingham
AR 2005 0015133

1. This firm represents Daniel Ingham. Your memorandum denying consideration of his new argument application is at TAB A.

2. Mr. Ingham has provided new argument never previously examined by this board which is dispositive of his case.

3. The new argument should be considered by the ABCMR to meet exhaustion requirements and in the interest of judicial economy.

4. We are not asking for reconsideration of an existing decision. We are asking for new consideration of an entirely different approach to the case that was never previously considered.

I20060000168 INGHAM, DANIEL, D
Assigned To: Jones, Tanya
Receipt Date: 2006/01/04

I20050024432 INGHAM, DANIEL, D
Assigned To: Chun, Carl
Receipt Date: 2005/12/23

AR20060000127 INGHAM, DANIEL, D
Receipt Date: 2006/01/04

5. The intent of the "recent court action" was not to add to the court's caseload with cases of original interpretation of facts or argument which can easily be dealt with by the ABCMR. We ask that you assume jurisdiction over the Ingham matter as rightfully you should.

Regards,

Gary Myers

cc: Daniel D. Ingham

Reply to:
78 Clark Mill Road
Weare, NH 03281
800-355-1095
603-529-3455
fax 529-3009

Washington, D.C.
202-857-8465
800-355-1095
email: grmyers44@aol.com

Gary Myers & Associates
Attorneys-at-Law

Gary R. Myers
Admitted in the
District of Columbia

10 Oct 05

MEMORANDUM FOR: Mr. Carl W. S. Chun
Director, Army Board for
Correction of Military Records
1901 South Bell Street, 2nd Floor
Arlington, VA 22202-4508

SUBJECT: LTC Daniel D. Ingham, USAR
[redacted]
New Filing of DD 149

REF: AR 2000046700
AR 2002070420
AR 2003084197

1. This firm represents LTC Daniel D. Ingham, USAR, [redacted] (hereafter "Applicant").

2. We emphasize that this is a new filing based on existing case law that was unexamined at the time of the above referenced docket numbers.

3. The history of the case is provided at the following TABs:

| TAB | Description | Date |
|---|---|---|
| A | Initial DD 149 | 23 Aug 00 |
| B | Advisory Opinion | 26 Feb 01 |
| C | Denial Memorandum | 25 Apr 01 |
| D | Request for Reconsideration | 14 Mar 02 |
| E | Denial | 10 Sep 02 |
| F | Further Request for Reconsideration | 19 Dec 02 |
| G | Denial | 27 Mar 03 |
| H | Further Request for Reconsideration | 24 Apr 03 |
| I | Denial | 18 Nov 03 |

4. Applicant requests that:

   a. His date of rank, reserve (DORR) to captain be adjusted to 22 Apr 86 from 21 Apr 89, the date of his assignment to the Individual Ready Reserve (IRR).

   b. His DOOR to major be adjusted to 22 Apr 93, seven years from the adjusted date of rank to captain.

   c. He be considered for promotion to LTC by an SSB for the CY99 LTC APL Promotion Board.

   d. He receive credit for time in grade for pay, promotion and retirement purposes and back pay and allowances reflective of the adjusted dates.

5. It is not disputed that Applicant left active duty on 21 Apr 86. See TAB A, DD 214. This was prior to Applicant's promotion eligibility date. Applicant left active service prior to his eligibility date due to faulty advice provided to him by an agent of the United States Army. This is confirmed in writing by both Applicant at TAB J and the provider of the faulty advice, then Cpt Martin J. Patterson, at TAB K.

6. The Board in its Memorandum of Consideration at TAB C, page 4, para. 2., Discussion, recognized the issue, but failed totally to address it.

7. Had it been properly addressed relief would have been granted.

8. The essence of this case is whether Applicant "voluntarily" transferred to the USAR prior to the effective date of his promotion to Cpt, thereby abrogating the implementation of such promotion.

9. What is or is not "voluntary" in retirement and separation cases has been the subject of extensive litigation in the federal courts.

10. It is settled that no relief is available for a separation or retirement that is truly voluntary, Sammt v. United States, 780 F.2d 31 (Fed. Cir. 1995); McIntyre v. United States, 30 Fed. Cl. 207 (1993). In addition retirements and separations are presumed to be voluntary. Moyer v. United States, 190 F.3d 1314 (Fed. Cir. 1999); Colon v. United States, 32 Fed. Cl. 481, 484 (1994).

11. Rebutting the presumption is fact driven. In McIntyre v. United States, 30 Fed. Cl. 207 (1993) this Court said:

> "Determination of whether a specific… retirement (separation) qualifies as voluntary requires an examination of all the facts and circumstances." See also, Bergman v. United States, 28 Fed. Cl. 580, 585 (1993).

12. The Courts have identified multiple circumstances which could serve to rebut the presumption. They are five in number. (1) duress or coercion forcing retirement or separation, (2) government misrepresentation of information relied upon by Applicant to Applicant's detriment, (3) Applicant's attempt to withdraw the retirement or separation prior to the effective date, (4) retirement or separation under time pressure and (5) Applicant is not mentally competent to appreciate the consequence of his retirement or separation decision. Nickerson v. United States, 35 Fed. Cl. 581, 586 (1996).

13. We first note what this case does not include. There was no (1) duress or coercion, (2) withdrawal prior to the effective date, (4) time pressure or (5) mental incompetence. What remains is government misrepresentation.

14. The test for voluntariness is not a subjective standard, rather it is an objective reasonable person standard. Kim v. U.S., 47 Fed. Cl. 493, 501 (2000). The Court in Kim framed the question thusly, "The question before the Court is whether plaintiff exercised a free choice in making the decision to retire or resign." Id. at 497. See also Covington v. DHHS, 750 F.2d 937, 943 (Fed. Cir. 1984) where the Court said:

> "A decision made with 'blinders on,' based on… a lack of information cannot be binding as a matter of fundamental fairness and due process."

15. Kim requires that the agency misrepresented information and that Applicant detrimentally relied upon it. Importantly this Court said:

> "Establishing that the agency intentionally deceived the employee, however, is not required for the court to declare a resignation voluntary. The misleading information can be negligently or even innocently provided; if the employee materially relies on the misinformation to his detriment, his retirement (separation) is considered involuntary." Id. at 942. (Emphasis ours.)

16. In the instant case then Cpt Patterson by his own admission either negligently or innocently provided wrong information to Applicant regarding the impact of his leaving active service prior to the effective date of Applicant's promotion to Cpt. Applicant detrimentally relied upon that advice. That conclusion cannot be disputed.

17. The case law dictates that relief should be granted.

Respectfully submitted,

Gary Myers