6

H

DEPARTMENT OF THE ARMY
HEADQUARTERS, 99TH REGIONAL SUPPORT COMMAND
99 SOLDIERS LANE
CORAOPOLIS, PENNSYLVANIA 15108-2550

REPLY TO
ATTENTION OF

AFRC-CPA-JA 24 April 2003

MEMORANDUM FOR Army Board for the Correction of Military Records, 1941 Jefferson Davis Highway, 2nd Floor, Arlington, VA 22202-4508

SUBJECT: Appeal for correction of date of rank of LTC Daniel Ingham

1. I have been consulted by LTC Daniel Ingham, regarding the issue of his date of rank for Captain, and his subsequent reconsideration request. After speaking with him and reviewing documents he provided regarding this matter, I believe that both the underlying issue of injustice and the reconsideration have not been looked at properly, and he is being denied due process because of technical irregularities in the correction of military records process itself.

Initial Issue of Injustice

2. The initial issue is that of LTC Ingham's date of rank of Captain, and corresponding changes to subsequent promotions and pay adjustments. The proper issue for consideration is one of injustice not due to the fault of the soldier. At the relevant time period 1LT Ingham was on active duty in the U.S. Army and was selected for promotion to Captain by the 26 November 1985 Captain Competitive Category, Active Component Board. Subsequently, he consulted with CPT Martin J. Patterson, OIC of the Personnel Support Company in Germany, during normal duty hours and in his capacity as OIC of the Personnel Support Company and specifically asked him if this selection for Captain would transfer to the U.S. Army Reserve. He was informed that his selection for promotion would transfer.

3. Based on this information, 1LT Ingham then decided to leave active duty, and transfer to the U.S. Army Reserve. After transferring to the Army Reserve, 1LT Ingham was informed that he was not promotable, and would have to be considered for promotion by a USAR promotion board. His effective date of rank for promotion to Captain was 21 April 1989.

4. There is little argument that, technically, he was promoted according to applicable regulations and procedures in place at the time of the promotion. The issue that should have been presented and considered by the Department of the Army Board for Correction of Military Records is not one of actual error, but one of injustice. It appears that this issue was not properly considered by the Board.

Reconsideration of Decision

5. Subsequent to receiving the decision of the Board, then MAJ Ingham requested reconsideration of his Application for Correction of Military Records. Included with this reconsideration was a letter from the individual who informed him that his selection for promotion would transfer to the Reserve. This is new evidence that was not available to the

109 173
42736

AR20030 89635

Board during their consideration of the initial Application. However, this reconsideration was then dismissed by citing the applicable regulation in place at the time of his promotion, apparently ignoring the issue of injustice. In fact, the letter informing MAJ Ingham of the results of his reconsideration states that the letter from the officer that informed 1LT Ingham that his promotion would transfer to the Reserve did not amount to new evidence, and, therefore, there was no basis for resubmitting his request. This statement certainly is new evidence concerning the issue of injustice. Because the statement by Martin J. Patterson, CPT (Retired) certainly is new evidence, we request that the Board reconsider this matter concerning the issue of injustice.

6. MAJ Ingham then attempted to bring this situation as stated above to the Board's attention in a Memorandum dated 19 December 2002. He was then informed that because this Reconsideration was beyond the one year limit to request reconsideration, his reconsideration was not considered. MAJ Ingham was not attempting to submit an initial reconsideration beyond the one year period, but was attempting to properly focus attention on the proper issue, which was contained in the request for reconsideration dated March 12, 2002, but not adequately addressed.

Timothy E. Bellew
1LT, JA
Legal Assistance Attorney

7

E

DEPARTMENT OF THE ARMY
BOARD FOR THE CORRECTION OF MILITARY RECORDS
1941 JEFFERSON DAVIS HIGHWAY, 2ND FLOOR
ARLINGTON VA 22202-4508

September 10, 2002

INGHAM, DANIEL C., 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
AR 2002070420

Item ID:..........94594
Name:..............Ingham, Daniel C.
SSN:..............[redacted]
MSN:..............
Doc Type:........RetM
Receipt Date /Time:09/23/2002/03:10:34 PM
Edited By.........WILLICL

Mr. Troxell

Major Daniel C. Ingham
[redacted]

D

DEPARTMENT OF THE ARMY
BOARD FOR CORRECTION OF MILITARY RECORDS
1941 JEFFERSON DAVIS HIGHWAY 2ND FLOOR
ARLINGTON VA 22202-4508

OFFICIAL BUSINESS

ARLINGTON VA SEP 11 '02

U.S. H METER

INGH114* 302812031 1501 05 09/17/02
FORWARD TIME EXP RTN TO SEND
INGHAM'DONALD DORIS
85 FORTUNE LN
PALM COAST FL 32137-8439
RETURN TO SENDER

...of an active duty promotion selection to the Reserve. ... of law or regulation 1996, when a Reserve officer was released from active duty, any active duty promotion selection not enacted was voided and the officer came under the provisions of the Reserve promotion regulation, Army Regulation 135-155, wherein promotion was determined by unit vacancy and / or maximum time in grade and service. Your date of rank for captain was 21 April 1989, which was at the required 6 years time in service. Accordingly, you were correctly and justly promoted according to your service ...s at the time you became eligible for promotion in the Reserve.

Printed on Recycled Paper

DEPARTMENT OF THE ARMY
BOARD FOR THE CORRECTION OF MILITARY RECORDS
1941 JEFFERSON DAVIS HIGHWAY, 2ND FLOOR
ARLINGTON VA 22202-4508

September 10, 2002

INGHAM, DANIEL C., [redacted]
AR 2002070420

Major Daniel C. Ingham
[redacted]

Dear Major Ingham:

This is in reference to your request, dated March 14, 2002, for reconsideration of your Application for Correction of Military Records, concerning your date of rank for captain and major and subsequent consideration for promotion to lieutenant colonel.

The records of this office reveal that your original application, case number AR2000046700, was previously considered and denied by the Board on April 10, 2001. If a request for a reconsideration is received within one year of the prior consideration and the case has not been previously reconsidered, it will be resubmitted to the Board if there is evidence (including but not limited to any facts or arguments as to why relief should be granted) that was not in the record at the time of the Board's prior consideration. The staff of the Board is authorized to determine whether or not you have submitted any such matters.

The staff of the Board has determined that, while you have once again detailed your contentions and provided a statement from the officer that was reported to have told you that if you were released from active duty your active duty promotion selection would transfer to the Reserve, these do not amount to new evidence that was not previously available to the Board. The Board considered this contention on April 10, 2001. In spite of the statement provided, there was no provision of law or regulation that provided for transfer of an active duty promotion selection to the Reserve. Prior to 1996, when a Reserve officer was released from active duty, any active duty promotion selection not enacted was voided and the officer came under the provisions of the Reserve promotion regulation, Army Regulation 135-155, wherein promotion was determined by unit vacancy and / or maximum time in grade and service. Your date of rank for captain was 21 April 1989, which was at the required 6 years time in service. Accordingly, you were correctly and justly promoted according to your service status at the time you became eligible for promotion in the Reserve.

Printed on Recycled Paper

It is noted that the Board proceedings, discussion paragraph 4, incorrectly state that your captain date of rank was adjusted to 22 April 1986. This error does not however, invalidate the conclusion that as a first lieutenant in the Reserve, you were correctly and justly promoted to captain with a date of rank of 21 April 1989, according to Army Regulation 135-155 in effect at the time.

The reference in the Board proceedings to the Reserve Officer Personnel Management Act (ROPMA) is presented to show that provision for transfer of promotion list status between components did not occur until ROPMA became effective on 1 October 1996, well after your transfer from active duty to the Reserve in 1986.

There is no basis for resubmitting your request to the Board and it is returned to you without action.

Sincerely,

Victor D. Whitney
For Carl W. S. Chun
Director, Army Board for Correction
of Military Records

Enclosure

8

D

14 Mar 2002

MEMORANDUM FOR ABCMR

SUBJECT: Docket Number AR2000046700 – MAJ Daniel C. Ingham

1. Reference 25 Apr 01 decision on the above docket number.

2. I request my first application be reconsidered. The Memorandum of Consideration is in error at the last sentence of paragraph 2 page 4. My date of rank to CPT was not adjusted to 22 April 86. I'm under the impression, by the last sentence, that the board was under the wrong impression by thinking I received an earlier date of rank.

3. ROPMA does not apply to my case. The ABCMR cited the provisions of ROPMA in its Memorandum of Consideration. It is my understanding that the board was conducting a special ROPMA project at the same time it considered my application. The board may have dismissed my request out of hand because my request did not fall within the ROPMA criteria. I believe this to be true because ROPMA was cited within the Memorandum of Consideration.

4. After a great deal of research I located the individual who gave me the incorrect advice regarding my decision to leave active duty and enter the Reserves. The advice that I was given was that the rank of CPT from the active duty promotion list would be transferred to the Reserves. In essence, I would be promoted to CPT with my active duty peers therefore by transferring to the Reserves it would not adversely impact my career. I had no reason to doubt CPT Patterson's advice. I looked to him as the expert. I have attached his statement as evidence not previously considered.

5. I made a career decision based on bad advice from someone I regarded as an expert that produced an injustice and that advice has wreaked havoc on my career (i.e. limits the types of assignments I am eligible for, the types of schools I can apply to, and ultimately financially). This decision also impacts me throughout my retirement (I'm on the high three year retirement plan).

6. In summary, I am requesting that my Date of Rank to CPT be adjusted to 1 Mar 1987 with my peers, my promotion to MAJ be adjusted, and be considered for promotion to LTC by a special board as is stated on the attached DD Form 149.

Daniel C. Ingham

DANIEL C. INGHAM
MAJ, AG
Operations Officer

Inv 81855
AR 20020070420

# Patterson Law Firm

305 East Main St.
P.O. Box 1475
Cabot, AR 72023

Facsimile: (501) 843-6200 (501) 843-6100 Email:mpatterson@ipa.net


March 5, 2002

Major Daniel Ingham
[redacted]

Dear Major Daniel Ingham:

I apologize for any harm that I might have done to your career by giving you what appears to be incorrect information. In 1984 through 1986 as Chief of Personnel Management and simultaneously Chief of Personnel Actions in the Nelligen Comp Team, 198th Personnel Service Company, 38th Personnel and Administration Battalion, VII Corps, Nelligen, West Germany, I thought I correctly interpreted the Army Regulations when I informed you that your selection for promotion and dates of rank would transfer to the Guard or Reserve. Had I realized I was in error, I would have recommended that you stay on active duty through promotion and the mandatory service immediately following promotion, prior to transferring to the Guard or Reserves. I wish that I could cite to the regulation I interpreted when advising you, but too many years have passed since I perused them.

I hope I have been more help today than I was back then.

Sincerely,

Martin J. Patterson
Captain, A.G.
U.S.A., (retired)

# APPLICATION FOR CORRECTION OF MILITARY RECORD UNDER THE PROVISIONS OF TITLE 10, U.S. CODE, SECTION 1552

*(Please read instructions on reverse side BEFORE completing application.)*

*Form Approved*
*OMB No. 0704-0003*
*Expires Aug 31, 2000*

The public reporting burden for this collection of information is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing the burden, to Department of Defense, Washington Headquarters Services, Directorate for Information Operations and Reports (0704-0003), 1215 Jefferson Davis Highway, Suite 1204, Arlington, VA 22202-4302. Respondents should be aware that notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information if it does not display a currently valid OMB control number.
PLEASE DO NOT RETURN YOUR COMPLETED FORM TO THE ABOVE ADDRESS. RETURN COMPLETED FORM TO THE APPROPRIATE ADDRESS ON THE BACK OF THIS PAGE.

## PRIVACY ACT STATEMENT

AUTHORITY: Title 10 US Code 1552, EO 9397.

PRINCIPAL PURPOSE: To initiate an application for correction of military record. The form is used by Board members for review of pertinent information in making a determination of relief through correction of a military record.

ROUTINE USE(S): None.

DISCLOSURE: Voluntary; however, failure to provide identifying information may impede processing of this application. The request for Social Security number is strictly to assure proper identification of the individual and appropriate records.

**1. APPLICANT DATA**

a. BRANCH OF SERVICE *(X one)*: [X] ARMY [ ] NAVY [ ] AIR FORCE [ ] MARINE CORPS [ ] COAST GUARD

b. NAME *(Last, First, Middle Initial) (Please print)*: INGHAM, DANIEL C.

c. PRESENT PAY GRADE: MAJ

d. SERVICE NUMBER *(If applicable)*:

e. SSN: [redacted]

**2. TYPE OF DISCHARGE** *(If by court-martial, state type of court)*: N/A

**3. PRESENT STATUS, IF ANY, WITH RESPECT TO THE ARMED SERVICES** *(Active duty, Retired, Reserve, etc.)*: Active Guard Reserve (AGR)

**4. DATE OF DISCHARGE OR RELEASE FROM ACTIVE DUTY**: 19860421

**5. ORGANIZATION AT TIME OF ALLEGED ERROR IN RECORD**: HHC, 2D SUPCOM NELLIGEN, FRG

**6. I DESIRE TO APPEAR BEFORE THE BOARD IN WASHINGTON, D.C.** *(No expense to the Government) (X one)*: [X] YES [ ] NO

**7. COUNSEL** *(If any)*

a. NAME *(Last, First, Middle Initial)*: N/A

b. ADDRESS *(Street, Apartment Number, City, State and ZIP Code)*:

**8. I REQUEST THE FOLLOWING CORRECTION OF ERROR OR INJUSTICE:**

DOR to CPT be adjusted to 860422, DOR to MAJ be adjusted to 930422, I should be considered for promotion to LTC by a special selection board under the criteria of CY99 LTC APL Board.

**9. I BELIEVE THE RECORD TO BE IN ERROR OR UNJUST IN THE FOLLOWING PARTICULARS:**

I was selected for promotion by the 851126 CPT Competitive Category, Active Component Board. I wished to single track in the AOC 53 (Computer Science) and knew that was only possible in the USAR. Prior to voluntarily leaving active duty I asked the OIC of the Personnel Support Company in Germany if my selection would carry over to the reserves. I was guaranteed that it would so I transferred to the IRR. Subsequent to that I was told that I was not promotable and would have to wait to be considered by a USAR Promotion Board. (See Continuation Page).

**10. IN SUPPORT OF THIS APPLICATION I SUBMIT AS EVIDENCE THE FOLLOWING:** *(If Veterans Administration records are pertinent to your case, give Regional Office location and Claim Number.)*

1. Promotion Selection letter from AC CPTs Board
2. DD 214
3. Promotion to CPT USAR
4. Promotion to MAJ USAR
5. DODI 1310.1

**11. ALLEGED ERROR OR INJUSTICE**

a. DATE OF DISCOVERY: 198609/20000515

b. IF MORE THAN THREE YEARS SINCE THE ALLEGED ERROR OR INJUSTICE WAS DISCOVERED, STATE WHY THE BOARD SHOULD FIND IT IN THE INTEREST OF JUSTICE TO CONSIDER THIS APPLICATION.

While I have known the entire time that I had been penalized by this action, it was only recently that I became aware of my potential for redress by the board. I request consideration of this application as I am still serving in the USAR and the error continues to impact my career.

**12. APPLICANT MUST SIGN IN ITEM 16. IF THE RECORD IN QUESTION IS THAT OF A DECEASED OR INCOMPETENT PERSON, LEGAL PROOF OF DEATH OR INCOMPETENCY MUST ACCOMPANY APPLICATION. IF APPLICATION IS SIGNED BY OTHER THAN APPLICANT, INDICATE RELATIONSHIP OR STATUS BY MARKING APPROPRIATE BOX.**

[ ] SPOUSE [ ] WIDOW [ ] WIDOWER [ ] NEXT OF KIN [ ] LEGAL REPRESENTATIVE [ ] OTHER *(Specify)*

**13. I MAKE THE FOREGOING STATEMENTS, AS PART OF MY CLAIM, WITH FULL KNOWLEDGE OF THE PENALTIES INVOLVED FOR WILLFULLY MAKING A FALSE STATEMENT OR CLAIM.** *(U.S. Code, Title 18, Sec. 287, 1001, provides that an individual shall be fined under this title or imprisoned not more than 5 years, or both.)*

**14.a. COMPLETE CURRENT ADDRESS, INCLUDING ZIP CODE** *(Applicant should forward notification of all changes of address.)*: [redacted]

b. TELEPHONE NUMBER *(Include Area Code)*: [redacted]

**DOCUMENT NUMBER** *(Do not write in this space.)*
JAV 81 855
PARTY 42736
AR 20020704 20

**15. DATE SIGNED**: 20000823

**16. SIGNATURE** *(Applicant must sign here.)*: Daniel C. Ingham

DD FORM 149, SEP 1997 (EG) PREVIOUS EDITION IS OBSOLETE. USAPA V1.00

ABCMR Complaint Continued

Considering that I had a relatively low promotion sequence number, I would have remained on active status the few additional months to secure my promotion had I known that I was not eligible for promotion in the USAR.

Therefore, I request that:

a) My date of rank, Reserve (DORR) to captain be adjusted to 19860422 (from 19890421), the date I was assigned to the Individual Ready Reserve.

b) My DORR to major be adjusted to 19930422 (from 19960420), seven years from adjusted date of promotion to captain.

c) I be considered for promotion to lieutenant colonel by a Special Selection Board under the criteria of the CY99 LTC APL Promotion Board.

d) That I be awarded back pay for any periods of service for which my dates of rank are adjusted.

I am aware that DODI 1310.1, which effectively married the DOPMA and ROPMA promotion systems, was not enacted until April 1996. However, I feel strongly that my decision to leave active status was based upon inaccurate guidance provided by an officer in authority and entrusted to provide career counseling to officers in his command. Based upon this guidance and change in my status my career has been penalized by being moved 3 years outside my peer group.

Thank you for your consideration.

## INSTRUCTIONS

*(All data should be typed or printed)*

1. For detailed information see: Air Force Instruction 36-2603; Army Regulation 15-185; Coast Guard, Code of Federal Regulations; Title 33, Part 52; or Navy, Code of Federal Regulations; Title 32, Part 723.
2. Submit only original of this form.
3. Complete all items. If the question is not applicable, mark "None."
4. If space is insufficient, use "Remarks" or attach additional sheet.
5. Various veterans and service organizations furnish counsel without charge. These organizations prefer that arrangements for representation be made through local posts or chapters.
6. List all attachments and enclosures.
7. ITEMS 6 AND 7. Personal appearance of you and your witnesses or representation by counsel is not required to ensure full and impartial consideration of applications. Appearances and representations are permitted, at no expense to the Government, when a hearing is authorized.
8. ITEM 8. State the specific correction of record desired.
9. ITEM 9. In order to justify correction of a military record, it is necessary for you to show to the satisfaction of the Board, or it must otherwise satisfactorily appear, that the alleged entry or omission in the record was in error or unjust. Evidence may include affidavits or signed testimony of witnesses, executed under oath, and a brief of arguments supporting application. All evidence not already included in your record must be submitted by you. The responsibility for securing new evidence rests with you.
10. ITEM 11. 10 U.S.C. 1552b provides that no correction may be made unless request is made within three years after the discovery of the error or injustice, but that the Board may excuse failure to file within three years after discovery if it finds it to be in the interest of justice.

### MAIL COMPLETED APPLICATIONS TO APPROPRIATE ADDRESS BELOW

**ARMY**

(For Active Duty Personnel)
Army Board for the Correction of Military Records
1941 Jefferson Davis Highway, 2nd Floor
Arlington, VA 22202-4508

(For Other than Active Duty Personnel)
Army Review Boards Agency
Support Division, St. Louis
ATTN: SFMR-RBR-SL
9700 Page Avenue
St. Louis, MO 63132-5200

**COAST GUARD**

Chairman
Board for Correction of Military Records (C-60)
Department of Transportation
400 7th St., SW
Washington, DC 20590

**NAVY AND MARINE CORPS**

Board for Correction of Naval Records
2 Navy Annex
Washington, DC 20370-5100

**AIR FORCE**

Board for Correction of Air Force Records
SAF/MIB
550-C Street West, Suite 40
Randolph AFB, TX 78150-4742

17. REMARKS *(Applicant has exhausted all administrative channels in seeking this correction and has been counseled by a representative of his/her servicing military personnel office. (Applicable only to active duty and reserve personnel.))*

I am currently on AGR tour assigned to HQ, U.S. Army Reserve Command. I attempted to correct this initially on my assignment to a TPU unit in 1986.

In May of 2000 I became aware of the exsistence of the ABCMR as an avenue to correct injustices. I approached Mr. Jeff White, USARC DCSPer, Officer Personnel Management Branch for advice. He advised me to file this application after consultation with the OCAR, TAPC, and AR-PERSCOM.

DD FORM 214, 1 JUL 79 — PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE. — AREAS RENDER FORM VOID

**CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY**

1. NAME (Last, first, middle): INGHAM, DANIEL CURTIS
2. DEPARTMENT, COMPONENT AND BRANCH: ARMY USAR ADJUTANT GENERAL
3. SOCIAL SECURITY NO.: [redacted]
4a. GRADE, RATE OR RANK: 1LT
4b. PAY GRADE: 02
5. DATE OF BIRTH: 60/08/18
6. PLACE OF ENTRY INTO ACTIVE DUTY: FORT BENNING, GEORGIA
7. LAST DUTY ASSIGNMENT AND MAJOR COMMAND: HHC 2d SUPCOM ( COJAA) USAREUR
8. STATION WHERE SEPARATED: FORT JACKSON, SOUTH CAROLINA
9. COMMAND TO WHICH TRANSFERRED: USAR CON GP (REINF) RCPAC 9700 PAGE BLVD ST LOUIS, MO 63132
10. SGLI COVERAGE AMOUNT: $ 50,000 NONE

11. PRIMARY SPECIALTY NUMBER, TITLE AND YEARS AND MONTHS IN SPECIALTY (Additional specialty numbers and titles involving periods of one or more years)

42A, ADMINISTRATIVE & PERSONNEL SYSTEM MANAGEMENT 03 YRS 00 MOS//

53B, AUTOMATED DATA PROCESSING 02 YRS 06 MOS//NOTHING FOLLOWS//

| 12. RECORD OF SERVICE | YEAR(S) | MON(S) | DAY(S) |
|---|---|---|---|
| a. Date Entered AD This Period | 83 | 04 | 22 |
| b. Separation Date This Period | 86 | 04 | 21 |
| c. Net Active Service This Period | 03 | 00 | 00 |
| d. Total Prior Active Service | 00 | 06 | 02 |
| e. Total Prior Inactive Service | 00 | 01 | 09 |
| f. Foreign Service | 02 | 04 | 27 |
| g. Sea Service | 00 | 00 | 00 |
| h. Effective Date of Pay Grade | 84 | 10 | 22 |
| i. Reserve Oblig. Term. Date | 89 | 01 | 11 |

13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service)

PARACHUTIST BADGE//ARMY SERVICE RIBBON//OVERSEAS SERVICE RIBBON// NOTHING FOLLOWS//

14. MILITARY EDUCATION (Course Title, number weeks, and month and year completed)

OFFICER CANDIDATE CRS, 14 wks, 1983//BASIC AIRBORNE CRS, 3 wks, 1983//ADJUTANT GENERAL OFFICER BASIC CRS, 11 wks, 1983//AUTOMATED DATA PROCESSING OFFICER CRS, 12 wks, 1983// SYSTEM ANALYSIS CRS, 2 wks, 1985//LARGE DATA PROCESSING INSTALLATION MANAGEMENT CRS, 1 wk, 1985// NOTHING FOLLOWS//

15. MEMBER CONTRIBUTED TO POST-VIETNAM ERA VETERANS' EDUCATIONAL ASSISTANCE PROGRAM: XXX YES ☐ NO
16. HIGH SCHOOL GRADUATE OR EQUIVALENT: XX YES ☐ NO
17. DAYS ACCRUED LEAVE PAID: NONE

18. REMARKS

DENTAL CARE WAS NOT PROVIDED WITHIN 90 DAYS OF SEPARATION//NOTHING FOLLOWS//

FILED FOR RECORD & RECORD VERIFIED
APR 29 4 12 PM '86
CLERK OF CIRCUIT COURT VOLUSIA COUNTY, FLORIDA
047150

19. MAILING ADDRESS AFTER SEPARATION: [redacted]
20. MEMBER REQUESTS COPY 6 BE SENT TO DIR. OF VET AFFAIRS: XX YES ☐ NO
21. SIGNATURE OF MEMBER BEING SEPARATED: Daniel C. Ingham
22. TYPED NAME, GRADE, TITLE AND SIGNATURE OF OFFICIAL AUTHORIZED TO SIGN: JOHN D. HUSS CPT, AGC COMMANDING

SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only)

23. TYPE OF SEPARATION: RELIEF FROM ACTIVE DUTY
24. CHARACTER OF SERVICE (Includes upgrades): HONORABLE
25. SEPARATION AUTHORITY: AR 635-100 CHAPTER 3 PARA 3-57c (1)
26. SEPARATION CODE: MBK
27. REENLISTMENT CODE: NONE
28. NARRATIVE REASON FOR SEPARATION: EXPIRATION TERM OF SERVICE
29. DATES OF TIME LOST DURING THIS PERIOD: NONE
30. MEMBER REQUESTS COPY 4: DCI INITIALS

S/N 0102-LF-000-2140

MEMBER - 4

047150

DEPARTMENT OF THE ARMY
U.S. ARMY MILITARY PERSONNEL CENTER
200 STOVALL STREET
ALEXANDRIA, VIRGINIA 22332-0400

REPLY TO ATTENTION OF

DAPC-MSP-O

21 FEB 1986

SUBJECT: Promotion Lists for Captain, Army Competitive Category

SEE DISTRIBUTION

1. References.

a. 10 USC and AR 624-100

b. MILPERCEN MILPO message number 86-374 DTG: 131300 SEP 85, subject: Zone of Consideration for Promotion to Captain, Army Competitive Category.

c. MILPERCEN letter, DAPC-MS-X, dated 18 SEP 85 subject: Audit of ORB to be Viewed by 1985 Captain (Army Competitive Category) Promotion Selection Board.

d. MILPERCEN letter, DAPC-MSP-O, dated 26 SEP 1985, subject: 2LT With Over 18 Months AFCS

e. MILPERCEN MILPO message 85-387, DTG 301230 SEP 85, subject: Audit of ORB for 1985 Captain's Board

f. MILPERCEN letter, DAPC-MSP-O, dated 2 OCT 85, subject: Verification of Eligibles in the Zone of Consideration for Promotion to Captain, Army Competitive Category.

2. General.

a. A promotion selection board, convened in accordance with governing references, considered officers for promotion to the grade of Captain. The board adjourned on 16 December 1985.

b. Board membership and the Secretary of the Army's instructions to the board are at Enclosures 1 and 2, respectively.

DAPC-MSP-O 21 FEB

SUBJECT: Promotion Lists for Captain, Army Competitive Category

3. Summary of Board Actions.

| Competitive Category | Previously Cons/Sel | First Time Cons/Sel | Total Cons/Sel (AZ & PZ) |
|---|---|---|---|
| Army | 50/12 (24.0%) | 6020/5480 (91.0%) | 6070/5492 (90.4%) |

4. Promotion Lists.

a. Enclosure 3 contains the names of officers who were recommended for promotion. Commanders will notify those officers who were recommended as well as those officers who were not recommended for promotion.

b. The promotion list is subject to additional administrative review and is not to be construed as promotion orders. Accordingly, individuals listed herein should not assume that the structure of a list or the presence of a name on a list constitutes a firm forecast for promotion. Promotions will be announced in Headquarters, US Army MILPERCEN orders.

c. Some officers selected by the board are not included in the enclosed promotion list or considered list. Their names have been omitted as a result of administrative matters which affect the officers' status or promotion eligibility. Information concerning these officers will be made available only upon release of the enclosed lists.

d. Promotion sequence numbers reflect the precedence criteria outlined in chapter 6, AR 600-20 (Army Command Policy and Procedures), using appropriate data elements listed on each officer's name line in the enclosed recommended lists. If a data element used to assign a sequence number is incorrect, MILPO must initiate a data element correction IAW procedure 5-1, DA Pamphlet 600-8 and forward a request for recomputation of an officer's sequence number to Promotions Branch (DAPC-MSP-O). Requests must identify the affected promotion list, the erroneous data element and include supporting documentation.

e. To preclude promotion of officers who are ineligible under the provisions of AR 600-31 or AR 624-100, commanders will ensure continuing review of these lists until the lists are exhausted. Commanders will advise CDR MILPERCEN ALEX VA//DAPC-MSP-O// by electrical means of any ineligible officer listed and not previously reported as required by cited regulations.

DAPC-MSP-O 21 FEB 1998
SUBJECT: Promotion Lists for Captain, Army Competitive Category

f. Commander, US Army MILPERCEN will remove from the appropriate list those officers who separate or retire prior to being promoted from these lists without provision for reinstatement on the list if they subsequently return to active duty.

5. Counseling. Counseling for officers not selected for promotion is available through the officer's commander or through the officer's HQDA career manager. Officers who desire counseling or who request that information be provided to their commanders should contact their career manager.

6. Considered Lists. Enclosure 4 contains the names of officers above and in the promotion zone who were considered by the selection board. Commanders may use this list to verify promotion eligibility and selection status.

7. Declination of Promotion. Commander, US Army MILPERCEN will remove from the appropriate promotion list the name of any officer listed herein who declines promotion under provisions of paragraph 1-8, AR 624-100.

8. HQDA Point of Contact. Officer Promotions Section (DAPC-MSP-O), Promotions Branch, Autovon 221-9340, Commercial (202) 325-9340, is the HQDA point of contact for questions concerning these promotions lists.

BY ORDER OF THE SECRETARY OF THE ARMY:

James R. Hall Jr.

JAMES R. HALL, JR.
Major General, USA
Commanding

5 Enclosures
1. Board Membership
2. Letter of Instruction
3. Promotion List
4. Considered List
5. Statistical Analysis

DISTRIBUTION:
1 Each MILPO
1 Selected Commanders

BOARD MEMBERSHIP

FOR

1986 CAPTAIN, ARMY COMPETITIVE CATEGORY,
PROMOTION BOARD

President

BG Michael F. Spigelmire, IN
Assistance Division Commander
Fort Stewart, GA 31314

Members

COL William E. Duey, AG
Director Faculty and Student
USA War College
Carlisle Barracks, PA

COL Marshall R. Mcree, FA
4th U.S. Army
Reserve Component-Support Group
Fort Sheridan, IL

COL Lewis R. Heffner, TC
Chief, Investigation Division
IG Activity, USA Material Command
Alexandria, VA 22333

COL Leonard S.Y. Lai, OD
Chief, Munitions Div J-4
USFK EUSA
APO San Francisco 96301

COL Bernard F. Gately, JR, MI
Chief, Central American Joint
Intelligence Taskforce
Washington, DC

LTC Karen L. Frey, MP
Personnel Staff Officer
Pentagon
Washington, DC 20310

LTC Joseph L. Cook, SC
Director
USA Broadcasting Services
Texas National Guard

Enclosures 1

SECRETARY OF THE ARMY
WASHINGTON

November 26, 1985

SUBJECT: Letter of Instruction to the Army Selection Board Considering Officers of the Army Competitive Category for Promotion to Captain

President, Captain, Army Promotion Selection Board

1. <u>Authority</u>. This selection board is appointed under the provisions of Section 611(a), Title 10, United States Code, to consider officers of the Army competitive category for promotion to the grade of captain.

2. <u>General</u>. The board will convene at Headquarters, U.S. Army Military Personnel Center, Hoffman II Building, at 0800, 3 December 1985, or on call. Enclosure 1 provides administrative instructions, specific reports required, and the oath for the selection board and recorder. The board will consider [illegible] of the following officers who have completed at least one year of continuous active duty since their most recent placement on the active duty list:

a. Officers above the zone: A promotion eligibility category of officers whose dates of rank are senior to any officer in the "promotion zone." For this board, such officers include all eligible first lieutenants with dates of rank of 31 March 1984 or earlier.

b. Officers in the promotion zone: All eligible first lieutenants with dates of rank of 1 April 1984 through 31 March 1985.

3. <u>Method and Number to be Selected</u>.

a. The "best qualified" to meet the needs of the Army method of selection, as prescribed in AR 624-100, will be used to recommend the number of officers specified below:

| Competitive Category | Maximum Number to be Recommended (Includes Above and In the Zone Officers) |
|---|---|
| Army | 5536 |

Enclosures 2