# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DANIEL C. INGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-124C |
| | ) | (Judge Lynn J. Bush) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S STATEMENT OF FACTS

Pursuant to RCFC 56.1, Plaintiff files the following statement of facts based upon the Administrative Record. Paragraphs are numbered to reflect the Defendant's statement of facts. Where Plaintiff concurs with the Defendant, "agree" is employed.

1. Agree with Defendant.

2. Agree with Defendant. In addition although Plaintiff was in the Adjutant General's Branch of the Army in 1985 and 1986 his area of expertise was not personnel matters. Rather Plaintiff was assigned to and had expertise in Automatic Data Processing. AR 236. This was Plaintiff's specialty throughout his service. AR 117 to 178.

3. Agree with Defendant.

4. Agree with Defendant.

5. Agree with Defendant. In addition, the date of notification of promotion, February 21, 1986, was fully two months before Plaintiff's actual date of separation, April 21, 1986. During this two month period Plaintiff did nothing to attempt to eliminate or change his separation date to accommodate an active duty promotion to Captain in reliance upon the misinformation that such elimination or change was not necessary. Further, if Plaintiff had remained on active duty, Plaintiff would have been promoted on March 1, 1987, ten months after Plaintiff's discharge on April 21, 1986. AR 85 and 89.

6. Agree with Defendant.

7. Agree with Defendant.

8. Agree with Defendant.

9. Agree with Defendant.

10. Agree with Defendant.

11. Agree with Defendant.

12. Agree with Defendant.

13. Agree with Defendant.

14. Agree with Defendant. In addition, Mr. Patterson noted that a personnel decision such as this was within his purview of expertise and he thought that he had properly interpreted the Army Regulations when he told Plaintiff that a promotion to captain, if it occurred, would carry over from the active Army to the reserves. He agreed that his interpretation was incorrect and that he should have recommended that Plaintiff remain on active duty through promotion and the mandatory service after promotion. Mr. Patterson apologized for the damage to Plaintiff's career. AR 67. Further, there was no regulation in existence in 1985 or 1986 which allowed for the transfer of a promotion from the active Army to the reserves. AR 64. Accordingly, no citation to such a provision was possible.

15. Agree with Defendant.

16. Agree with Defendant.

17. Agree with Defendant. In addition the ABCMR did not explain why the timing of Plaintiff's request to separate was a relevant fact as Plaintiff merely sought to know if he was promoted would the promotion carry over to the reserves. AR 90.

18. Agree with Defendant. In addition Plaintiff did not know he would not be promoted on April 21, 1986. Plaintiff had the good faith belief he would be promoted according to his promotion sequence number. AR 91. Further, Plaintiff was a Data Automation Specialist, not a Personnel Specialist. AR 236. He had every right to rely upon a subject matter expert in an esoteric area of personnel regulations.

Dated: July 26, 2007

Respectfully submitted,

Gary Myers
Counsel for Plaintiff
D.C. Bar # 157115
78 Clark Mill Road
Weare, NH 03281
Tel: 800-355-1095
Fax: 603-529-3009
Email: myers@mclaw.us